UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SOUND AROUND, INC., a New York corporation,

    Plaintiff,

v.

HIALEAH LAST MILE FUND VII LLC, a Delaware
limited liability company and HIALEAH LAST MILE
LLC, a Delaware limited liability company,

    Defendants.
_____/

## COMPLAINT

Sound Around, Inc., a New York corporation ("**Plaintiff**" or "**Buyer**"), sues HIALEAH LAST MILE FUND VII LLC, a Delaware limited liability company, and HIALEAH LAST MILE LLC, a Delaware limited liability company (together "**Defendants**" or "**Seller**"), and alleges:

### Jurisdiction, Parties and Venue

1. This is an action for (a) damages as a result of Seller-Defendants' anticipatory breach of their contractual relationship with Buyer-Plaintiff, and (b) specific performance related to the sale and purchase of real property located in this judicial district, specifically in Miami-Dade County, Florida.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs, interest and attorneys' fees.

3. Venue is also proper under 28 U.S.C. § 1391(b)(2) because the events giving rise

to this action occurred in this judicial district, and Defendants own real property which is located in this judicial district, and is subject to specific performance herein.

4. Plaintiff is a New York corporation with its principal place of business in Brooklyn, New York, that entered into the subject agreement for the purchase of the subject property in Miami-Dade County, Florida.

5. Defendants are Delaware limited liability companies with their principal place of business in Newport Beach, California, that entered into the subject agreement for the purchase by Plaintiff of the real property owned and controlled by Defendants ─ which property is located in Miami-Dade County, Florida and is the subject of the action herein. At all relevant times, Defendant HIALEAH LAST MILE FUND VII LLC acted on its behalf and on behalf of its affiliated entity, Defendant HIALEAH LAST MILE FUND, LLC.

## Factual Allegations

6. On or about March 25, 2021, Plaintiff as Buyer, and Defendants as Seller, entered into a Commercial Contract ("Contract") for the purchase and sale of the real property, which is more particularly described as follows:

> Lots 3, 4, 5 and 6, and a part of Tract "A" opposite the southeast corner of said Lot 6, all in Block 1 of DU PUIS INDUSTRIAL CENTER as recorded in Plat Book 57, Page 56 in the Public Records of Miami-Dade County, Florida, a portion of said property (including the said part of Tract "A") being more particularly described as follows:
>
> Beginning at the Northwest corner of said Lot 4, then North 88 degrees 47' 09" East along the North line of said Lot 4, 257.63 feet to the Northeast corner of said Lot 4, then South 1 degree 12'51" East along the East lines of said Lots 4, 5, 6 and a Southerly projection of same 300.00 to a point on an Easterly projection of the South line of said Lot 6; thence South 88 degrees 47'09" West along said Easterly projection of the South line of said Lot 6; and the South line of said Lot 6, 256.78 feet to the Southwest corner of said Lot 6; thence North 1 degree 22'43" West along the West lines of said Lots 6, 5 and 4, 300.00 feet to the Point of Beginning.

Folio No. 30-3116-012-0040

The property or its address is commonly known as 6501 NW 37th Avenue, Miami, Florida 33147 (the "**Property**"). A copy of the Contract is attached hereto as **Exhibit A**.

7. Pursuant to the Contract, Seller agreed to sell the Property to Buyer in the conditions

2

specified in the Contract for the total purchase price of $11,434,050.00. *See* Contract at § 2.

8. In relevant part, the Contract makes clear that:

(a) "As a condition to Buyer's obligation to Close, Seller **will complete all renovations and remodeling** of the interior and exterior of the Property **as depicted on Composite Exhibit "1" and as reflected on the site plan attached hereto as may be amended at the direction of Miami-Dade County.**" *Id*. at § 23 (emphasis added).

(b) "Seller **must complete all work detailed on Composite Exhibit "1"** prior to the Closing…" *Id*. (emphasis added).

9. Consistent with section 2 of the Contract, Buyer tendered deposits agreed to the designated escrow agent, thus complying with Buyer's pre-Closing obligations.

10. At the time that the parties entered into the Contract, Seller had represented to Buyer that all renovations, remodeling and all work agreed upon would be properly completed in the fall of 2021. Thus, Buyer reasonably anticipated closing and being in possession of the Property by no later than the end of 2021.

## Seller's Default and Unlawful Termination

11. To date, the Seller has failed to, among other things, complete all repairs, renovations and all work depicted in Composite Exhibit "1" to the Contract, and has in fact taken steps to indefinitely delay Seller's compliance with all of its pre-Closing obligations and frustrate Buyer's right to close and take title and possession of the Property.

12. Seller's actions have been deliberate and ill-intended in an effort to breach the Contract and extort Buyer into paying Seller millions of dollars more for the Property.

13. While in early December 2021 Buyer attempted to persuade Seller to comply with its contractual obligations with Buyer, on December 20, 2021, Seller sent an email to Buyer abandoning *all* of its obligations under the Contract, including its obligations to complete the contractually required work on the Property. *See* **Exhibit B**.

14. In the same email, Seller notified Buyer that it "would not proceed under the Contract" and attempted to unilaterally and unlawfully terminate it. *See id.*

15. As a consequence thereof, Seller is in default of its obligations under the Contract, constituting, among other things, an event of default under section 14 of the Contract.

16. Consistent with section 11 of the Contract, on February 14, 2022, Buyer provided Seller a ten day notice to cure its default. A copy of the notice to cure letter is attached as **Exhibit C**.

17. In response, Seller insisted on not moving forward with its obligations under the Contract unless Buyer agreed to pay Seller millions of dollars more than the amounts agreed to in the Contract. *See* **Exhibit D**.

18. Seller, with its actions and demands, has made clear that it is not going to honor the Contract and its terms.

19. As a consequence of Seller's delays and defaults under the Contract, Buyer has and will continue to incur significant damages, including, but not limited to, the need to spend hundreds of thousands of dollars for rental of a public warehouse.

20. The total amount of damages to be suffered by Buyer as a result of Seller's actions will likely amount to over a million dollars should Seller not take *immediate* corrective action to remedy its anticipatory breach and comply expeditiously with all of its remaining obligations under the Contract.

## Count I – Specific Performance

21. Buyer realleges and incorporates the allegations in paragraphs 1 through 20 above.

22. This is an action for specific performance of the Contract and the purchase of the Property.

23. The Contract constitutes a valid contract between Buyer and Seller.

24. The Contract requires Seller to **complete all renovations and remodeling** of the interior and exterior of the Property. *See* Contract at § 23.

25. The Contract also requires Seller to complete **all work** as depicted in Composite Exhibit 1 to the Contract. *See id.*

26. The Contract also obligates Seller to obtain a Certificate of Completion, and to close out all open permits, and cure/close any and all code violations. *See id.*

27. Seller has failed and refused to comply with all of Seller's obligations under the Contract, including those listed above in this Count I.

28. As a result of the above, Seller is in default of the Contract and Buyer is entitled to (1) specific performance and (2) the recovery of all attorney's fees and expenses incurred by Buyer as a result of Seller's default and failure to comply with the Contract. *See, e.g.*, Contract §§ 14(a) and 15.

## Count II – Anticipatory Breach

29. Buyer realleges and incorporates the allegations in paragraphs 1 through 20 as if set forth fully herein.

30. The Contract is a valid and enforceable agreement between Buyer and Seller.

31. Seller has advised Buyer that Seller will not honor its obligations under the Contract unless Buyer pays Seller millions of dollars more than the amount agreed to in the Contract.

32. Seller's actions, including its December 20, 2021 email and its counsel's February 17, 2022 letter, constitute an anticipatory breach of the Contract.

33. Buyer is and remains ready, willing, and able to perform on the Contract.

34. As a consequence of Seller's actions, Buyer has suffered and will continue to suffer damages.

**Jury Demand**

35. Plaintiff hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff respectfully request the Court to enter judgment in favor of Plaintiff under Counts I and II, *supra*, and order Defendants to (1) specifically comply with their contractual obligations with Plaintiff under the Contract, (2) pay Plaintiff all damages suffered by Plaintiff as a result of Defendants' anticipatory breach, and (3) pay Plaintiff all attorneys' fees, costs and expenses incurred by Plaintiff as a result of Defendants' default and other unlawful actions. Plaintiff also requests that the Court order such other relief as the Court deems just and proper.

Dated: March 3, 2022.

                                              Respectfully submitted,

                                              HOLLAND & KNIGHT LLP
*Counsel for Plaintiff, Sound Around, Inc.*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone:  305.374.8500
Facsimile:  305.789.7799
Email: jesus.cuza@hklaw.com
Email: annie.hernandezgamez@hklaw.com
Email: annelise.delrivero@hklaw.com

By:     /s/Jesus E. Cuza
       Jesus E. Cuza
       Florida Bar No. 428991
       Anna Marie Gamez
       Florida Bar No. 502911
       Annelise Del Rivero
       Florida Bar No. 1003234