United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20652-Civ-Scola |
| | ) |
| Hialeah Last Mile Fund VII LLC, et al., Defendants. | ) |

### Order

This matter is before the Court upon the motion to dismiss filed by Defendants Hialeah Last Mile Fund VII LLC ("HLMF") and Hialeah Last Mile LLC ("HLM") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 22.) The motion has been fully briefed and is ripe for review. (*See* ECF Nos. 22, 29, 31, 35.) For the reasons below, the Court grants dismissal with prejudice as to HLM but not as to HLMF. Accordingly, the defendants' motion is **granted in part but denied in part**. (**ECF No. 22**.)

1. **Background**

In March 2021, HLMF contracted to sell real property located in Miami-Dade County to Plaintiff Sound Around, Inc. ("Sound Around") for $11,434,050. (Am. Compl. ¶¶ 11-14, ECF No. 18.) Sound Around anticipated being in possession of the property by the end of 2021 following certain renovations by the seller. (*Id.*) However, in December 2021 HLMF's manager, Douglas O'Donnell, wrote to Sound Around saying, "Hialeah LM will not proceed under the contract, which we are hereby terminating[.]" (Am. Compl. ¶ 18; *see also* ECF No. 18-3.) Sound Around sent O'Donnell a demand letter in February 2022. (Am. Compl. ¶ 21.)

HLMF responded explaining it had run into water-supply issues that had hindered the pre-closing renovations and increased sale costs. (ECF No. 18-3.) For that reason, it said, HLMF would decline to proceed with the original purchase price but would be amenable to moving forward with a $3,000,000 price increase. (ECF No. 18-4.) The sale did not materialize. This suit followed.

Sound Around first sued HLMF and a similarly named entity, HLM (also managed by O'Donnell), for specific performance and anticipatory breach. (ECF No. 1.) The defendants responded with a motion to dismiss, which prompted the amended complaint (ECF No. 18) that is the subject of the motion to dismiss before the Court. In its amended complaint, Sound Around sues the same entities and claims breach of contract and anticipatory breach.

## 2. Legal Standard

A court considering a motion to dismiss filed under Rule 12(b)(6) must accept a complaint's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted).

A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

The defendants' sole argument is that HLM—distinct from HLMF—is not a proper party to this suit. (Mot. 3.) Sound Around responds by arguing that it has alleged enough facts to show that O'Donnell's signature on the contract was meant to bind both HLMF and HLM. (Opp. 4, ECF No. 29.)

But the contract does not mention HLM at all. Its plain terms only bind Sound Around and HLMF. (Contract ¶ 1, ECF No. 18-1.) It lists HLMF as "Seller" and refers to "Seller" in the singular throughout. By contrast, it lists "Sound Around, Inc. and/or assigns" as the buyer. (*Id.*)

Further, the contract's merger clause provides that the contract is not binding upon a party unless it is "signed and delivered *by the party to be bound.*" (*Id.* ¶ 20 (emphasis added).) Thus, by its own terms, the contract would only bind HLM if HLM signed it, and nothing about the writing suggests that HLM did so. Indeed, the presence of a merger clause reinforces this argument because Sound Around relies on extra-contractual evidence to argue HLM's status as a party. *See World-Class Talent Experience, Inc. v. Giordano*, 293 So. 3d 547, 549 (Fla. 4th DCA 2020) ("[A] merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms."). Even more, to the extent assignment from HLMF to HLM could be considered, the contract also limits assignability. It only allows assignments "to a related entity" after formal notice is given to the counterparty. (*Id.* ¶ 19.) No facts to that end have been pled.

Yet, the stronger impetus for concluding that the contract only binds HLMF comes from Florida's statute of frauds, which applies to this dispute because it concerns the sale of real property. *See India Am. Trading, Co. v. White*, 896 So. 2d 859, 860 (Fla. 3d DCA 2005) (the statute of frauds applies to a purchase of real property); (Contract ¶ 20 ("This Contract will be construed under Florida law[.]")). The statute says:

> "No action shall be brought . . . upon any contract for the sale of lands . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing *and signed by the party to be charged therewith* or by some other person by her or him thereunto lawfully authorized."

Fla. Stat. § 725.01 (emphasis added). Although O'Donnell executed the contract and manages both entities, corporate distinctions matter.

Again, nowhere does the contract mention HLM, and the "statute of frauds should be strictly construed to prevent the fraud it was designed to correct." *Walsh v. Abate*, 336 So. 3d 50, 53 (Fla. 4th DCA 2022). The only parties to be charged under the contract are HLMF and Sound Around and/or its assigns. *See Bafford v. Township Apartments Assoc.'s*, No. 806-cv-657T-27TGW, 2006 WL 3253660, at *2 (M.D. Fla. Nov. 8, 2006) ("[T]o be enforceable, a contract of the sale of land must be embodied in a written agreement in a written memorandum *signed by the party against whom enforcement is sought[.]*") (emphasis added); *Walton Construction Co. LLC v. Corus Bank*, No. 4:10-cv-137, 2011 WL 2938366, at *5 (N.D. Fla. July 21, 2011) ("A third party is not liable for a contract, whether express or implied, unless that party was an immediate party to the agreement or has become a party through a subsequent agreement.").

Sound Around cites a number of cases to back the notion that a party need not sign a contract to be bound by it, but those cases involve arbitration, financial, and/or settlement agreements. None involves the sale of real property. That distinction is crucial because those contexts do not implicate the statute of frauds. Arbitration agreements, for example, are governed by a different legal regime, which specifically provides for enforcement against non-parties. *Fi-Evergreen Woods, LLC v. Robinson*, 135 So.3d 331, 335-36 (Fla. 5th DCA 2013) ("A failure to sign an arbitration agreement does not automatically render the agreement invalid. *Unlike documents that fall within the statute of frauds,* the Florida Arbitration Act does not require the party to be charged to sign an arbitration agreement.") (cleaned up) (emphasis added). Sound Around's cases are simply inapposite.

In application of the statute of frauds, the Court will not read an additional party into the contract as Sound Around would have it do.

However, Sound Around correctly points out that the defendants' motion inappropriately moves to dismiss both HLMF *and* HLM. The entirety of the defendants' arguments turns on HLM's improper involvement in this suit. They offer no response to Sound Around's argument that HLMF is properly named in this suit. After all, HLMF *is* the seller.

Thus, the Court finds that, as a matter of law, Sound Around states an implausible claim as to HLM only.

### 4. Conclusion

The defendants' motion to dismiss is **denied part and granted in part**. (**ECF No. 22**.) The Court denies the motion as to HLMF but grants it as to HLM with prejudice. The Clerk is **directed to terminate Hialeah Last Mile LLC** as a defendant in this matter. HLMF will remain an active defendant.

**Done and ordered** in Miami, Florida, on August 12, 2022.

_____
Robert N. Scola, Jr.
United States District Judge