United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20652-Civ-Scola |
| | ) |
| Hialeah Last Mile Fund VII LLC, | ) |
| Defendant. | ) |

**Order**

This matter is before the Court upon Plaintiff Sound Around, Inc.'s ("Sound Around") motion for reconsideration. (Mot., ECF No. 42.) In it, Sound Around asks the Court to reevaluate its Order of August 15, 2022 wherein the Court dismissed Hialeah Last Mile LLC ("HLM") as a party to this case. (ECF No. 36.) Sound Around also asks the Court for leave to file a second amended complaint on the basis "newly available documents." (Mot. 18.) Sound Around's motion has been fully briefed and is ripe for review. (*See* ECF Nos. 42, 52, 57.)

1. **Background**

On March 3, 2022, Sound Around instituted this breach of contract action against Hialeah Last Mile Fund VII LLC ("HLMF") and HLM. (ECF No. 1.) The Defendants moved to dismiss the complaint, in part, on the basis that HLM was an improper party to the suit given the contract's plain terms. (ECF No. 11.) Sound Around then filed an amended complaint (ECF No. 18) again naming both entities as Defendants, prompting them to again file a motion to dismiss. (ECF No. 22.) This second time, the Court granted dismissal with prejudice as to HLM on the ground that the contract's plain terms did not list HLM as a party, the contract's merger clause warranted against considering HLM to be a party, and Florida's statute of frauds restricted the Court from reading HLM into the contract. (ECF No. 36.)

Sound Around says that the Court's Order was flawed because it considered the statute of frauds without the benefit of Sound Around's briefing on it. It also accuses HLMF of impermissibly raising the statute of frauds as a novel issue in its reply to Sound Around's opposition of the motion to dismiss, and says it can prove HLM was liable under the contract by attaching a myriad of documents to the complaint.

But more saliently, Sound Around asks the Court to reconsider its decision to dismiss HLM with prejudice. Specifically, Sound Around asks for leave to file a second amended complaint to add a claim for the contract's reformation based on unilateral and/or mutual mistake. It says newly

discovered evidence presents good cause to allow for the amendment. The Court agrees.

### 2. Legal Standard

Federal Rule of Civil Procedure 60(b) provides:

> "[A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Additionally, Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

### 3. Analysis

The Court finds Sound Around's request for reconsideration to be warranted in light of the evidence it obtained after entry of the Court's Order. According to a declaration made by Sound Around's counsel (*see* ECF No. 42-9), three days after entry of the Court's Order, Sound Around obtained e-mail communications between HLM's principal and a third-party that show HLM's principal directing the third-party to update a draft of the contested contract to reflect *two* seller entities as opposed to one, only ten days before the contract's signing. (*See* ECF No. 42-10 ("I also note that it's missing one of the seller entities as a signatory—this project is owned in a TIC.").) Again, the Plaintiff's theory has been, for months now, that both HLM and HLMF were involved in the transaction—not HLMF alone. So, it seems logical for Sound Around to pursue its reformation claim, but this all begs the question: Why now?

Sound Around says it "followed the proper process—seeking discovery and asserting a cause of action only when it had a good faith basis to allege the required elements[.]" (ECF No. 57 at 8.) It points out that although it could have speculated as to a mistake before, it would have been subjected to a

heightened pleading standard in alleging HLM's absence from the underlying agreement by reason of a mistake. *See* Fed. R. Civ. P. 9(b). The newly discovered e-mail, Sound Around says, now gives it the footing it previously did not have to meet that standard. Sound Around also notes that it issued its subpoena to the third-party from which it obtained the e-mail only "three days after [the] Defendants filed the reply raising the statute of frauds for the first time." (*Id.* n.5.) On balance, the Court finds Sound Around's reasoning convincing and does not find its approach to be lackadaisical or dilatory.

Yet, says HLMF, allowing Sound Around to amend its complaint would be futile because contracts cannot be reformed to add a party. (ECF No. 52 at 19.) In asserting that premise, HLMF cites to cases applying the laws of other jurisdictions. However, in *Smith v. Royal Automotive Group*, Florida's Second District Court of Appeals specifically upheld courts' ability to reform contracts by adding parties' signatures to them. 675 So. 2d 144, 154 (Fla. 2d DCA 1996). Indeed, "[t]he rationale for reformation is that a court sitting in equity does not alter the parties' agreement, but allows the defective instrument to be corrected to reflect the true terms of the agreement the parties actually reached." *Barber v. Am.'s Wholesale Lender*, 542 Fed. Appx. 832, 837 (11th Cir. 2013). This is the essence of Sound Around's proffered reformation theory. Accordingly—without reaching the merits of Sound Around's reformation claim—the Court cannot agree that Sound Around's asserting the claim would be futile.

Despite HLMF's protestations, the Court finds that HLMF will not be unduly prejudiced by the Court's granting Sound Around leave to amend. HLMF complains of additional discovery costs implicated by the amendment, but the Court does not purport to re-open discovery in this matter sua sponte because neither side has actually requested to re-open it. Additionally, this case is only seven months old. The deadlines here were accelerated from their standard course because the parties requested that the Court place this case on its expedited track. (*See* ECF Nos. 14, 15). However, the parties later requested a month's extension of the discovery and dispositive motion deadlines. (ECF No. 33.)

Against this backdrop, the Court finds that reconsideration of its decision to dismiss HLM with prejudice is appropriate. Sound Around is granted leave to amend its complaint once more.

### 4. Conclusion

Finding good cause to allow Sound Around to file a second amended complaint, the Court **grants** its motion for reconsideration of HLM's dismissal with prejudice. (**ECF No. 42**.) Sound Around may file a second amended complaint no later than **October 14, 2022**.

Alongside this order, the Court contemporaneously enters a revised scheduling order that does not re-open discovery. If necessary, and by separate motion, either party may move the Court for an extension of discovery. Judge Goodman will exercise his discretion to modify any deadlines in the Court's contemporaneous scheduling order to accommodate additional discovery as necessary.

In light of the above, the Court further **denies as moot** the parties' pending motions at **ECF Nos. 45, 47, and 50**.

**Done and ordered** in Miami, Florida, on October 11, 2022.

_____
Robert N. Scola, Jr.
United States District Judge