United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-20652-Civ-Scola |
| Hialeah Last Mile Fund VII LLC, | ) |
| and Hialeah Last Mile LLC, | ) |
| Defendants. | ) |

## Order

This matter is before the Court upon the Defendants Hialeah Last Mile Fund VII LLC and Hialeah Last Mile LLC's (collectively, the "Defendants") motion to strike or, alternatively, disregard evidence filed in support of the Plaintiff Sound Around, Inc.'s motion for summary judgment. (ECF No. 86.) The Plaintiff has filed a response to the motion (ECF No. 93); the Defendants did not file a reply, and the time to do so has passed. After consideration of the briefs and the relevant legal authorities, the Court **denies** the motion. (**ECF No. 86**.)

The Defendants seek an order striking, or indicating that the Court will disregard, certain exhibits to the statement of undisputed material facts filed in support of the Plaintiff's motion for summary judgment. The Defendants' motion focuses on significant portions of Exhibit D, which consists of the Declaration of Hector Alonso Catano and Exhibit A thereto. Mr. Catano was the Plaintiff's real estate broker for the real estate transaction at issue in this case. The Defendants argue that large portions of Mr. Catano's declaration contain statements of which he has no personal knowledge, as well various violations of the rules of evidence, such as hearsay, relevance, and speculation. The Defendants also seek a ruling as to Exhibits G, L, N, O, and P to the Plaintiff's statement of undisputed material facts, briefly arguing that they have not been properly authenticated and constitute inadmissible hearsay. The Plaintiff responded to the Defendants' motion on the merits.

Federal Rule of Civil Procedure 12(f) provides that courts may strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "While courts may, at times, strike material outside of the pleadings, . . . courts have held that motions to strike are not appropriate as to an affidavit submitted in connection with a motion for summary judgment." *Ecb USA, Inc. v. Chubb Ins. Co.*, Civil Action No. 20-20569-Civ-Scola, 2021 U.S. Dist. LEXIS 260479, at *3 (S.D. Fla. Dec. 2, 2021)

(Scola, J.) (cleaned up); *see also Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("But motions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading."). Accordingly, the Court concludes that the Defendants' motion to strike is not the appropriate vehicle for its objections to Mr. Catano's declaration or to the other exhibits filed in support of the Plaintiff's statement of material facts, and the Court declines to grant that form of relief here. *See, e.g., Garcia v. Chapman*, No. 12-21891-CIV-ALTONAGA, 2013 U.S. Dist. LEXIS 197169, at *2 (S.D. Fla. Oct. 28, 2013) (Altonaga, C.J.) ("Objections to an affidavit submitted in opposition to a motion for summary judgment should be raised in a movant's reply memorandum.").

  Furthermore, with respect to the Defendants' alternative request that the Court disregard the materials, "under the 'sham affidavit' rule, a court may disregard an affidavit if it flatly contradicts, without any explanation, clear testimony that the party provided at an earlier deposition." *Cooper v. Ga. DOT*, 837 F. App'x 657, 665 (11th Cir. 2020) (citing *Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). However, the Eleventh Circuit has explained that "[t]h[e] rule applies only to inherent, unexplained inconsistencies that create 'transparent shams,' not to discrepancies that merely create an issue of credibility or that go to the weight of the evidence." *Id.* (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986)); *see also Garcia*, 2013 U.S. Dist. LEXIS 197169, at *2 ("[O]nly in limited circumstances, such as if the affidavit in question flatly contradicts earlier deposition testimony in a manner that cannot be explained, can the Court disregard an affidavit.").

  The Defendants do not argue that the sham affidavit rule applies to Mr. Catano's declaration. Indeed, although the Defendants ask that the Court disregard the disputed materials as an alternative form of relief, their motion focuses exclusively on why those materials should be stricken. Thus, because the purported issues identified by the Defendants fall far short of the limited circumstances contemplated by the sham affidavit rule, the Court will deny their motion on that ground as well.

  Finally, the Court notes that in ruling on the Plaintiff's motion for summary judgment it will, of course, "'consider and assess the relevance and competence' of all of the evidence presented in support of and in opposition to the motion[]." *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, Civil Action No. 16-21296-Civ, 2017 U.S. Dist. LEXIS 125616, at *4 (S.D. Fla. Aug. 9, 2017) (Scola, J.) (quoting *Hernandez v. Mohawk Indus., Inc.*, No. 608-CV-927-ORL-28GJK, 2009 U.S. Dist. LEXIS 132043, 2009 WL 3762847,

at *1 (M.D. Fla. Nov. 10, 2009)). It is well settled "that conclusory allegations without specific supporting facts have no probative value," *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985), and that summary judgment may only "be based on any evidence which would be admissible at trial," *United States v. Jones*, 29 F.3d 1549, 1552 (11th Cir. 1994).

Accordingly, for the reasons stated above, the Court **denies** the Defendants' motion to strike or, alternatively, disregard evidence filed in support of the Plaintiff Sound Around, Inc.'s motion for summary judgment. (**ECF No. 86**.)

**Done and ordered** in Miami, Florida, on March 16, 2023.

Robert N. Scola, Jr.
United States District Judge