United States District Court
for the
Southern District of Florida

Sound Around, Inc., Plaintiff,   )
  )
v.   )
  )   Civil Action No. 22-20652-Civ-Scola
Hialeah Last Mile Fund VII LLC,   )
and Hialeah Last Mile LLC,   )
Defendants.   )

**Order Amending Summary Judgment Order**

This matter is before the Court on the Plaintiff Sound Around, Inc.'s ("Sound Around") motion for summary judgment. (ECF No. 74.) The Court previously entered an order granting in part and denying in part Sound Around's motion for summary judgment. (ECF No 109.) The Court now **modifies** its **summary judgment order** (**Summ. J.  Order, ECF No 109**) to **grant** full summary judgment in favor of Sound Around on its claim for reformation (**Mot. Summ. J., ECF No. 74**), as further explained below.

## 1. Background

The Court assumes the parties' familiarity with the factual and procedural background of this case. As relevant here, this matter arises from a failed real-estate transaction between Sound Around and the Defendants Hialeah Last Mile Fund VII LLC ("Fund VII") and Hialeah Last Mile LLC ("HLM") (collectively the "Defendants"). In initiating this action, Sound Around seeks the Defendants' specific performance of a Purchase Agreement for the sale of a warehouse located in Miami, Florida (the "Property"), as well as all damages it suffered as a result of the Defendants' breaches of the Purchase Agreement. (Second Am. Compl. ¶¶ 54–77, ECF No. 65.) Critically, because the Purchase Agreement completely omits HLM, even though HLM is a fee simple owner of the Property along with Fund VII, Sound Around also seeks reformation of the Purchase Agreement to include HLM as a seller-signatory. (*Id.* ¶¶ 42–53.)

On April 7, 2023, the Court granted in part and denied in part Sound Around's motion for summary judgment. (Summ. J.  Order, ECF No 109.) The Court concluded that the Purchase Agreement was anticipatorily breached.[1]

---

[1] In its second amended complaint, Sound Around asserted two breach of contract counts: one based on the Defendants' alleged failure to complete the Purchase Agreement's required renovations and remodeling (Count Two) and another based on the Defendants' anticipatory breach of the Purchase Agreement (Count Three). On summary judgment, the Court found in

The Court also concluded that the parties' omission of HLM from the Purchase Agreement was the result of a mutual mistake because the uncontroverted evidence clearly showed that both sides intended for HLM to be part of the Purchase Agreement and, indeed, operated as if HLM was part of the Purchase Agreement. However, the Court ultimately found that there remained a genuine issue of fact regarding whether Sound Around's conduct amounted to gross negligence such that the Purchase Agreement should not be reformed to incorporate HLM. Because of this, the Court denied Sound Around's request for specific performance at the summary judgment stage. In addition, the Court also denied Sound Around's request for a ruling entitling it to monetary damages, concluding that the Purchase Agreement limits Sound Around's remedies upon default to a return of its deposit or specific performance.

At the April 18, 2023, calendar call, the parties agreed that all remaining issues in the case could be resolved by way of a bench trial. (*See* ECF No. 114.) While preparing for that bench trial, the Court again reviewed the parties' written submissions and the relevant case law relating to reformation and determined that it was partly mistaken in its original order on Sound Around's motion for summary judgment. Specifically, the Court now concludes that there is no evidence in the record that could support a finding of gross negligence with respect to the identification of the parties in the Purchase Agreement. Accordingly, the Court modifies its April 7, 2023, order on summary judgment as follows. (*See* Summ. J.  Order, ECF No 109.)

## 2. Legal Standard

The Court applies the familiar legal standard for summary-judgment motions. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

---

favor of Sound Around only on its claim for anticipatory breach (Count Three). (*See* Summ. J. Order 12–15, ECF No 109.) Since then, Sound Around has clarified that it "proceed[s] solely on the facts supporting the breaches the Court had already found in its summary judgment Order and that it d[oes] not intend to prove additional facts supporting additional breaches at trial." (*See* ECF No. 123; *see also* ECF No. 113.) The Court understands this to mean that Sound Around is proceeding only as to its breach claim in Count Three.

### 3. Discussion

### A. Reformation

As noted above, the Court already found, in its original order on summary judgment, that the parties intended for the Purchase Agreement to include HLM as a party, but that HLM was omitted due to a mutual mistake. The Court now also finds that the parties' mutual mistake was not the result of any gross negligence on the part of Sound Around that would preclude Sound Around's ability to have the Purchase Agreement reformed.

A court of equity may reform a contract when "due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties." *Providence Square Asso. v. Biancardi*, 507 So. 2d 1366, 1369, 1372 n.3 (Fla. 1987); *see also Barber v. Am.'s Wholesale Lender*, 542 F. App'x 832, 837 (11th Cir. 2017) (same). However, under Florida law, "a plaintiff's *gross* negligence [] will prevent him from obtaining reformation from a court of equity." *Goodall v. Whispering Woods Ctr., L.L.C.*, 990 So. 2d 695, 701 (Fla. 4th DCA 2008) (emphasis in original). "[G]ross negligence requires: '(1) circumstances constituting an imminent or clear and present danger amounting to a more than normal or usual peril, (2) knowledge or awareness of the imminent danger on the part of the tortfeasor, and (3) an act or omission that evinces a conscious disregard of the consequences.'" *Moradiellos v. Gerelco Traffic Controls, Inc.*, 176 So. 3d 329, 335 (Fla. 3d DCA 2015) (quoting *Vallejos v. Lan Cargo S.A.*, 116 So. 3d 545, 551 (Fla. 3d DCA 2013)); *see also* Restat 2d of Contracts, § 157, cmt. a. ("[I]n extreme cases the mistaken party's fault is a proper ground for denying him relief for a mistake that he otherwise could have avoided."). "The question of whether one who seeks reformation is guilty of gross negligence is one of fact to be determined in the light of the circumstances of the particular case[.]" *Goodall*, 990 So. 2d at 701.

After re-reviewing the parties' written submissions and the relevant case law relating to reformation, the Court concludes that, even if it adopts the Defendants' version of events as to how HLM was omitted from the Purchase Agreement, the evidence does not support a finding that the omission resulted from Sound Around's gross negligence. Specifically, the undisputed facts establish that the parties exchanged multiple drafts of the Purchase Agreement and that, at some point during that exchange, HLM was omitted from the final draft. While Sound Around evidently did not notice that HLM was missing from the final written contract, neither did the Defendants nor any of the individuals involved in the transaction, including the Defendants' principals. In line with this, after the Purchase Agreement was executed, both parties acted as if HLM was in fact part of the transaction. (*See generally*

Summ. J. Order 6–8, ECF No 109.) The Court thus finds that the fact that Sound Around (and the other parties) did not notice that HLM was missing from the final written contract was the result of a simple, not grossly negligent, oversight during the fast-moving process of papering the deal. *See In re United Tile & Stone, Inc.*, 449 F. App'x. 901, 907 (11th Cir. 2011).

In short, this is not one of those "extreme cases" where a mistaken party's actions should preclude its ability to have the contract reformed. *See* Restat 2d of Contracts, § 157, cmt. a. The Court, therefore, concludes that Florida law permits the Purchase Agreement to be reformed to add HLM as a party. Accordingly, the Court will reform the Purchase Agreement to add HLM as a party.[2]

## B. Specific Performance

In its order on summary judgment, the Court previously concluded that the Defendants anticipatorily breached the Purchase Agreement, as evidenced by their statements and conduct informing Sound Around that they would not proceed under its terms. (*See* Summ. J. Order 14–15, ECF No 109.) Now, the Court determines that Sound Around is clearly entitled to specific performance as a remedy for the Defendants' anticipatory breach of the Purchase Agreement.

Specific performance "is an equitable remedy not granted as a matter of right or grace but as a matter of sound judicial discretion governed by legal and equitable principles." *Castigliano v. O'Connor*, 911 So. 2d 145, 148 (Fla. 3d DCA 2005) (internal quotations omitted) (citing *Humphrys v. Jarrell*, 104 So. 2d 404, 410 (Fla. 2d DCA 1958)). Specific performance may only be granted if "1) the plaintiff is clearly entitled to it, 2) there is no adequate remedy at law, and 3) the judge believes that justice requires it." *See id.* (citations omitted). In addition, as a condition precedent to an award of specific performance, the plaintiff must prove that he or she either paid the contract sum; tendered the contract sum; was ready, willing and able to pay the contract sum; or was excused from doing so. *See Invego Auto Parts, Inc. v. Rodriguez*, 34 So.3d 103, 104-05 (Fla. 3d DCA 2010) (internal quotations and citations omitted).

As Sound Around correctly points out, it is well established that specific performance is particularly appropriate in contracts for the sale of land because land is considered unique, and its loss generally cannot be fully compensated by an award of monetary damages. *See, e.g., Sterling Crest, Ltd.*

---

[2] In adding HLM to the Purchase Agreement, the Court is not adding a non-party to the agreement; it is remediating the written contract's failure to accurately reflect the agreement the parties actually reached.

*v. Blue Rock Partners Realty Grp., LLC*, 164 So. 3d 1273, 1278 (Fla. 5th DCA 2015) ("Because real property is considered unique, money damages to a contract purchaser of real property is an inadequate remedy at law."); *Bermont Lakes, Ltd. Liab. Co. v. Rooney*, 980 So. 2d 580, 586 (Fla. 2d DCA 2008) (same); *Sipes v. Atl. Gulf Cmtys. Corp. (In re Gen. Dev. Corp.)*, 84 F.3d 1364, 1370 (11th Cir. 1996) (same). In addition, the Purchase Agreement specifically provides for specific performance as a remedy for a failure to perform on the part of the Defendants. (*See* Purchase Agreement ¶ 14, ECF No. 75-6.)

Moreover, the Defendants have not significantly questioned Sound Around's ability to pay the sum due to finalize the sale contemplated by the Purchase Agreement. It is undisputed that after the Purchase Agreement was executed, Sound Around complied with its pre-closing obligations by tendering the agreed deposits, and that Sound Around has been ready, willing, and able to proceed to closing consistent with its contractual obligations. (*See* Pl.'s Stmt. of Facts ¶¶ 24–25, ECF No. 75; Defs.' Resp. Stmt. of Facts ¶¶ 24–25, ECF No. 85-1.) Sound Around's corporate representative, Jerry Brach, has declared that "[a]t all relevant times, Sound Around has been (and continues to be) ready, willing and able to proceed to closing under the" Purchase Agreement. (*See* J. Brach Decl. ¶ 5, ECF No. 75-8.) The Defendants attempt to question Sound Around's ability to pay the contract sum by highlighting that it did not finalize the process to secure financing to purchase the property in 2021. (*See* Defs.' Resp. Stmt. of Facts ¶ 25, ECF No. 85-1.) Given that the deal fell through in 2021, however, this in no way evidences Sound Around's inability to comply with its obligations under the Purchase Agreement. In fact, Brach has testified that, should Sound Around be unable to acquire a loan from a bank, it could use private funds to finalize the purchase. (*See* J. Brach Dep. 69:15-22, ECF No. 85-3.)

Finally, the Defendants' only other arguments against an award of specific performance focus on HLM's absence from the Purchase Agreement. (*See generally* Resp. in Opp'n, generally 14–17, ECF No. 85.) However, now that the Court has granted Sound Around's request for reformation to correct HLM's mistaken omission from the contract, that is no longer obstacle. Because the Purchase Agreement bound both Defendants, and the Defendants anticipatorily breached the Purchase Agreement by refusing to sell the Property to Sound Around for the agreed purchase price, the Court concludes that the only just result in this case is an award of specific performance.

For these reasons, the Court concludes that an order requiring the Defendants to specifically perform under the Purchase Agreement and transfer the Property to Sound Around is appropriate.

### C. Damages Incidental to Specific Performance

In its motion for summary judgment, Sound Around asked the Court to rule that it is entitled to recover both damages incidental to specific performance and all other monetary damages suffered as a result of the Defendants' breach. (*See* Mot. Summ. J. 19–20, ECF No. 74). In its order on summary judgment, the Court determined that the Purchase Agreement limits Sound Around's remedies upon default to a return of its deposit or specific performance, and, accordingly, that Sound Around could not recover all monetary damages resulting from the breach. (*See* Summ. J.  Order 16–17, ECF No 109.)  However, the Court did not need to reach the specific issue of Sound Around's entitlement to damages incidental to specific performance. For the reasons explained below, the Court now declines to conclude that Sound Around is entitled to recover an award of damages incidental to specific performance.

"[D]amages awarded incident to a decree of specific performance are clearly different from those which would be awarded for breach of the contract." *Wiborg v. Eisenberg*, 671 So. 2d 832, 835 (Fla. 4th DCA 1996) (internal quotation marks omitted) (quoting *Walker v. Benton*, 407 So. 2d 305, 307 (Fla. 4th DCA 1981)). These types of damages serve as "compensation to adjust the equities between the parties to place them in a position that they would have occupied had the contract been timely performed." *Id.* More specifically:

> The general rule, where specific performance is granted of a contract to sell realty, is that the vendor must account to the purchaser for any deprivation of the use of the property from the date when possession should have been transferred, and for any detriment to the property caused by his failure to preserve it properly; as against which the vendor is entitled to credit for any expenses properly incurred by him for the improvement or preservation of the property, and for any loss of the use of the purchase money or other consideration from that same date, the legal rate of interest being the measure of compensation as to the purchase money unless the contract specifies a different rate.

*Walker v. Benton*, 407 So. 2d 305, 307 (Fla. 4th DCA 1981) (quoting 7 A.L.R.2d 1206). Thus, to award damages incidental to specific performance, not only does there need to be clarity as to the nature of the amounts sought, but "the court [] really requir[es] an accounting . . . to adjust the equities between both parties in order to return them to their relative position at the time of closing." *Wiborg*, 671 So. 2d at 835 (quoting *Walker*, 407 So. 2d at 307). Sound Around's request for damages incidental to specific performance lacks both things.

In its summary judgment briefing Sound Around sought a generic ruling that it is entitled to damages incidental to specific performance, but it failed to provide any specifics as to the nature of the damages requested, such as how they were incurred. On this point, the Court agrees with the Defendants that, although Sounds Around's motion for summary judgment briefly touches on the types of damages Sound Around claims to have suffered, its description of those damages is imprecise at best. In addition, while the Court notes that Sound Around's proposed findings of fact and conclusions of law delve into this topic in some additional detail, they still fail to address it with any real specificity. For example, while Sound Around proposes that it should be compensated as a result of being deprived of the use of the Property, it is unclear what harm Sound Around actually claims it suffered by being denied access to the Property since the breach. This is significant because certain categories of damages that Sound Around might be contemplating are clearly not authorized as incidental damages under Florida law. Thus, while Sound Around may be able to recover the "rents and profits" it could have acquired from the Property had the transaction gone through as planned, it is not entitled to the costs for "a separate property which [it may have been] forced to rent because of the seller[s'] breach." *Kissman v. Panizzi*, 891 So. 2d 1147, 1151 (Fla. 4th DCA 2005) (citing *Walker*, 407 So. 2d at 307). In short, without clarity as to the nature of the incidental damages Sound Around is seeking, the Court is unable to adequately analyze this request for relief.

Relatedly, although Sound Around seeks a ruling on its entitlement to incidental damages on summary judgment, it presents no evidence that it has suffered those damages at all. As the Defendants correctly point out, Sound Around's motion does little or nothing in the way of setting forth facts showing how an award of incidental damages would place it in the position that it would have occupied had the Purchase Agreement been performed. Although Sound Around does state that it does not seek an award of damages in a specific amount at this time because such amount may be the subject of disputed evidence, this does not excuse Sound Around from pointing to the specific ways in which it was damaged by being deprived of the Property at issue.

Finally, Florida law on a party's entitlement to an award of damages incidental to a decree of specific performance contemplates an accounting of the costs suffered by *both* sides when a contract for the sale of land is not performed as anticipated. Thus, while Sound Around may be entitled to certain categories of damages incidental to the Defendants' refusal to transfer the Property, the latter are "entitled to a credit for all reasonable expenses, including property taxes, on the property since the scheduled closing date, as well as the legal rate of interest on the sale price since the scheduled closing

date, to compensate the[m] for the unavailability of the sale funds." *See Kissman v. Panizzi*, 891 So. 2d 1147, 1151 (Fla. 4th DCA 2005); *see also Walker*, 407 So. 2d at 308 ("Should the purchasers at this time seek the additional allowable damages occasioned by the deprivation of the use of the property, the trial court must determine what those damages should be and offset same by the interest on the purchase money which the seller would have received."). Here, however, the Court cannot properly conduct such an accounting because the parties' briefing fails to address the costs incurred by the Defendants at all, let alone whether they are exceeded by any damages suffered by Sound Around. Thus, it is unclear, from the present record, whether Sound Around has even suffered enough incidental damages as would merit an award in its favor.

In short, Sound Around is essentially asking the Court to issue a hypothetical adjudication as to its entitlement to incidental damages, which the Court declines to do. Accordingly, the Court denies Sound Around's request for a ruling that it is entitled to recover damages incidental to specific performance at this time.

Critically, because the Court's conclusion does not foreclose the possibility that Sound Around may in fact be able to prove these damages, the Court will allow the parties to submit additional briefing on this issue. Within **fourteen (14) days** of the date of this order, Sound Around shall file a notice informing the Court whether it still seeks to pursue damages incidental to specific performance. If so, Sound Around shall file any renewed request for damages incidental to specific performance within **thirty (30) days** of the final closing date on the Property. Such request must set forth with specificity the nature of the damages sought, why they qualify as incidental to specific performance, and supporting evidence. The Defendants may then file a response, which shall detail any expenses by which they seek to offset Sound Around's claimed incidental damages.

### D. Attorneys' Fees

Sound Around seeks its attorneys' fees as the prevailing party pursuant to paragraph 15 of the parties' Purchase Agreement. Paragraph 15 allows the "prevailing party" the right to recover its "reasonable attorneys' fees, costs and expenses." (*See* Purchase Agreement ¶ 15, ECF No. 75-6.) Applying Florida law, the Eleventh Circuit Court of Appeals has explained that the party that should be considered the prevailing party for attorneys' fees is that which prevails on the significant issues in the litigation:

> The Florida Supreme Court has held that, in general, "the party prevailing on the significant issues in the litigation is the party that

> should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992); *see also Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993) (courts should look to which party prevailed on the "significant issues"). In so holding, the Florida Supreme Court has taken guidance from the United States Supreme Court, which has "held that the test is whether the party 'succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Moritz*, 604 So. 2d at 809-10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)) (internal quotation marks and brackets removed). Moritz continued: "It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Id.* at 810.

*See Chow v. Chak Yam Chau*, 640 F. App'x 834, 839 (11th Cir. 2015).

Here, there is no question that Sound Around has prevailed on all the significant issues in the litigation: it has successfully sought reformation of the Purchase Agreement to include HLM (Count One); established that the Defendants anticipatorily breached the Purchase Agreement (Count Three); and sought specific performance of the reformed Purchased Agreement as a remedy. Moreover, it bears noting that those issues on which Sound Around has not been affirmatively successful have not resulted in a corresponding win for the Defendants. For example, Sound Around's other breach of contract claim (Count Two) is no longer before the Court because Sound Around itself decline to pursue it further, not because the Defendants successfully established that they did not commit the claimed breach of the Purchase Agreement. (*See* ECF No. 123; *see also* ECF No. 113.)

Therefore, the Court concludes that Sound Around is the prevailing party in this action and is entitled to recover its reasonable attorneys' fees incurred herein pursuant to Paragraph 15 of the Purchase Agreement. Following entry of final judgment, Sound Around shall file a motion setting forth the amount of attorneys' fees it seeks to recover in accordance with the applicable deadlines and procedures set forth in this Court's local rules or otherwise imposed by the Court.

## 4. Conclusion

For the reasons stated above, the Court **modifies** its **summary judgment order** (**Summ. J. Order, ECF No 109**) as follows:

- Summary judgment is **granted** in favor of Sound Around on its claim for reformation (Count One), and the Purchase Agreement shall be reformed to add Hialeah Last Mile, LLC as a party thereto;
- Summary judgment is **granted** in favor of Sound Around on its claim for anticipatory breach of contract (Count Three), and the Defendants are ordered to perform their obligations under the Purchase Agreement forthwith;
- Within **fourteen (14) days** of the date of this order, Sound Around shall inform the Court whether it still seeks to pursue damages incidental to specific performance, and, if so, it shall file any renewed request for damages incidental to specific performance within **thirty (30) days** of the final closing date on the Property; and
- Summary judgment is **granted** in favor of Sound Around on its request for reasonable attorneys' fees as the prevailing party in this action, and the Court reserves jurisdiction to award Sound Around said fees.

The Court's original order on summary judgment otherwise remains unchanged.

**Done and ordered** in Miami, Florida, on July 27, 2023.

Robert N. Scola, Jr.
United States District Judge