United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 22-20652-Civ-Scola |
| ) | |
| Hialeah Last Mile Fund VII LLC, et ) | |
| al., Defendants.  ) | |

**<u>Order Directing the Parties to Engage in Jurisdictional Discovery</u>**

This matter is before the Court on Plaintiff's request for jurisdictional discovery. (ECF No. 143.) This case is before the Court on a limited remand from the United States Court of Appeals for the Eleventh Circuit "for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction exist[s]." (ECF No. 141.)

**1. Background**

The Court assumes the parties' familiarity with the factual and procedural background of this case. The matter arose initially from a failed real-estate transaction between Sound Around and the Defendants Hialeah Last Mile Fund VII LLC ("Fund VII") and Hialeah Last Mile LLC ("HLM") (collectively the "Defendants"). On July 27, 2023, the Court granted full summary judgment in favor of the Plaintiff Sound Around, Inc. (ECF No. 127.) In August 2023, the Defendants appealed the Court's order on the merits. (ECF No. 136.) It was not until October 6, 2023, that the Defendants first challenged the existence of complete diversity in this matter. In fact, the Defendants' prior representations to the Court suggested the existence of true diversity. However, in response to a jurisdictional inquiry by the Eleventh Circuit, the Defendants for the first time asserted a lack of complete diversity.

Following the jurisdictional inquiry, the Eleventh Circuit remanded the case on the limited issue of subject matter jurisdiction. The limited remand order specifies that the record is insufficient to determine the citizenship of the Defendants:

> Although the appellants move to supplement the record with sworn declarations and other records addressing Fund VII and HLM's citizenship, the deficiency in the pleadings has not been cured. Those records **do not resolve the citizenship of Fund VII or HLM** to the extent that they only allege residency of individual members

> of HLM or individual partners of Fund VII's purported sole member, O'Donnell Last Mile Industrial Fund VII, LP…Further, Sound Around opposes the motion, challenges the facts alleged in the declarations, and asks us to remand the case to the district court for further discovery. Thus, supplementing the record on appeal with the appellants' disputed evidence is not warranted.

(ECF No. 141) (emphasis added). Following the remand, this Court issued an order on December 15, 2023, directing the Parties to file a joint stipulation of facts and a joint motion to amend the pleadings. (ECF No. 142.) The Plaintiff moved to set aside the order and requested jurisdictional discovery. (ECF No. 143.) The Court granted the Plaintiff's motion to set aside the December 15 order, and deferred ruling on Plaintiff's request for jurisdictional discovery. (ECF No. 144.)

The Court requested briefing on its authority to grant jurisdictional discovery and the necessity of jurisdictional discovery to resolve the issue of the Defendants' citizenship. (*Id.*) The Court also requested briefing on whether it can, and should, exercise its inherent authority to sanction either side for failing to investigate or disclose the true citizenship of the Defendants. (*Id.*) The Defendants responded, asserting (1) the second amended complaint is facially deficient with respect to subject matter jurisdiction, (2) the Plaintiff cannot cure the deficiencies through jurisdictional discovery, and (3) sanctions are not warranted. (ECF No. 145.) The Plaintiff filed its memorandum in support of its request for jurisdictional discovery (ECF No. 151) and a notice of supplemental authority (ECF No. 152), advocating for jurisdictional discovery and sanctions against the Defendants.

As a threshold matter, the Court, in its order issued on December 15, 2023, agreed that the second amended complaint fails to properly allege the citizenship of either Fund VII or HLM because it does not contain any allegations as to the citizenships of the members of either entity. (ECF No. 142.) However, given the factual dispute as to the citizenship of the Defendants, the Court **grants** the Plaintiff's request and directs the Parties to conduct jurisdictional discovery limited to the issue of the citizenship of the Defendants. Following resolution of the appeal, the Court will allow further discovery on the timing of the knowledge of the Defendants and/or their counsel (including prior counsel) on the potential shortcomings of the jurisdictional allegations in the second amended complaint and why those shortcomings were not brought to the attention of this Court prior to the appeal. The Court **defers** any decision on potential sanctions until jurisdictional discovery and knowledge discovery have concluded.

## 2. Legal Standard

"As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).

It appears that Fund VII and HLM are both limited liability companies, so that both entities are determined to be citizens of every jurisdiction where "any member [of the entities] is a citizen." *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").

## 3. Analysis

Attacks on subject matter jurisdiction may be facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Facial attacks on subject matter jurisdiction rely on the allegations in the complaint, and courts must assess whether the Plaintiff has adequately pleaded subject matter jurisdiction. *Id.* Factual attacks on subject matter jurisdiction challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In the present case, there have been both facial and factual attacks to subject matter jurisdiction. As indicated above, the Court has determined that the Plaintiff's second amended complaint fails to properly allege the citizenship of either Fund VII or HLM because it does not contain any allegations as to the citizenships of the members of either entity. (ECF No. 142.) Accordingly, the Court directed the Parties to file a joint stipulation of facts and a joint motion to amend the pleadings. (*Id.*)

However, the Defendants now raise a factual challenge to the Court's subject matter jurisdiction by denying not just the sufficiency of the Plaintiff's jurisdictional allegations, but also the existence of diversity in fact. Further, the Eleventh Circuit remanded the case to this Court with the specific purpose of "determining the citizenship of the parties to establish whether diversity jurisdiction exist[s]"—a factual determination. (*See* ECF No. 141.) As the Eleventh Circuit highlighted, the sworn declarations and other records put forth

by the Defendants "**do not resolve the citizenship of Fund VII or HLM** to the extent that they only allege residency of individual members of HLM or individual partners of Fund VII's purported sole member, O'Donnell Last Mile Industrial Fund VII, LP." (ECF No. 141) (emphasis added).

Federal courts have the authority "to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Moreover, the Eleventh Circuit generally requires that plaintiffs have an opportunity to conduct jurisdictional discovery prior to dismissal. *Nat'l Ass'n of the Deaf v. Florida*, 980 F.3d 763, 775 (11th Cir. 2020) (cleaned up). However, there must exist some evidence in support of jurisdiction before Courts "will ignore defective jurisdictional allegations that the plaintiff does not amend." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013). Here, such evidence comes in the form of the Defendants' own repeated representations to the Court as to diversity and as to their citizenship. In their answer to the Plaintiff's second amended complaint, the Defendants admitted the Court has diversity jurisdiction in this matter. (Answer ¶ 4, ECF No. 89.) In the joint pretrial stipulation, the Plaintiff and Defendants represented to the Court that the Defendants were "citizens of Florida and/or California." (ECF No. 101, at 8.) In Defendants' proposed findings of fact, the Defendants stated: "Defendants, Fund VII and HLM, are each Delaware corporations." (Proposed Findings of Fact ¶ 2, ECF No. 122.)

Defendants correctly point out that Courts generally give little weight to a party's own profession of domicile (ECF No. 145); that is because such declarations are often "self-serving." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013). However, the Defendants' current representations to the Court as to the lack of diversity are similarly self-serving as they arose for the first time following an adverse ruling by the Court.

Based on the Defendants' own inconsistencies in identifying their citizenship and based on the Eleventh Circuit's acknowledgement that the Defendants' recent declarations do not resolve the issue of citizenship, there exists a factual question as to the citizenship of the Defendants. Accordingly, jurisdictional discovery is necessary to comply with the Eleventh Circuit's mandate on remand to "determin[e] the citizenship of the parties to establish whether diversity jurisdiction exist[s]."

**Done and ordered** in chambers, at Miami, Florida, on February 13, 2024.

_____
Robert N. Scola, Jr.
United States District Judge