United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Sound Around, Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20652-Civ-Scola |
| | ) | |
| Hialeah Last Mile Fund VII LLC, et al., Defendants. | ) ) | |

## Order on Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Protective Order

This case is before the Court on a limited remand from the United States Court of Appeals for the Eleventh Circuit "for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction exist[s]." (ECF No. 141.) Defendants filed a motion for ruling on jurisdictional issues, to dismiss for lack of subject matter jurisdiction, and for a protective order. (**Mot., ECF No. 154**.) The Plaintiff responded opposing the motion (Resp., ECF No. 157), and the Defendants filed a reply. (Reply, ECF No. 160.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part** the motion. (**ECF No. 154**.) Specifically, the Court **grants** Defendants' motion to dismiss for lack of subject matter jurisdiction and **denies as moot** Defendants' request for a protective order. (**ECF No. 154**.)

## 1. Background

The Court assumes the parties' familiarity with the factual and procedural background of this case. Broadly, this matter arose from a failed real-estate transaction between Sound Around, Inc. and the Defendants Hialeah Last Mile Fund VII LLC ("Fund VII") and Hialeah Last Mile LLC ("HLM") (collectively the "Defendants"). On July 27, 2023, the Court granted full summary judgment in favor of the Plaintiff Sound Around, Inc. (ECF No. 127.) In August 2023, the Defendants appealed the Court's order on the merits. (ECF No. 136.) It was not until October 6, 2023, that the Defendants first challenged the existence of complete diversity in this matter. In fact, the Defendants' prior representations to the Court suggested the existence of true diversity. However, in response to a jurisdictional inquiry by the Eleventh Circuit, the Defendants for the first time asserted a lack of complete diversity.

The Eleventh Circuit found the allegations in the complaint were insufficient to establish the citizenship of the Defendants. (ECF No. 141.) The Defendants

moved to supplement the record, seeking to establish a factual lack of diversity. *Sound Around, Inc. v. Hialeah Last Mile Fund VII LLC*, No. 23-12830 (11th Cir. Oct. 5, 2023), ECF Nos. 17-3, 17-4. The records Defendants submitted included declarations, subscription agreements for members, and W-9 Forms that Defendants allege establish the lack of diversity.[1] *Id.* The Eleventh Circuit determined the aforementioned documents "do not resolve the citizenship of Fund VII or HLM to the extent that they only allege residency of individual members of HLM or individual partners of Fund VII's purported sole member, O'Donnell Last Mile Industrial Fund VII, LP." (ECF No. 141 at 3.) The Defendants' request to supplement the record was denied, and the Eleventh Circuit remanded the case to this Court "for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed." (*Id.* at 4.)

> If the district court determines that the parties were completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction.

(*Id.*) Thereafter, the Court ordered the parties to engage in jurisdictional discovery. (ECF No. 153.) Approximately three months later, the Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction. (ECF No. 154.)

## 2. Legal Standard

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute…, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As instructed by the United States Supreme Court, "[i]t is to be presumed that a cause lies outside this limited jurisdiction"; "the

---

[1] Specifically, Defendants submitted: a declaration of Douglas O'Donnell; a subscription agreement for Jose Rojas and Laurita Rojas in HLM; a W-9 Form for Jose Rojas listing a New York address; a subscription agreement for Alec Saltikoff in HLM; a W-9 Form for Alec Saltikoff listing a New York address; a subscription agreement for Trevor Brosnan in HLM; a W-9 Form for Trevor Brosnan listing a New York address; a subscription agreement for Sultan Jain and Usha Jain in O'Donnell Last Mile Industrial Fund VII, L.P.; a W-9 Form for Sultan Jain listing a New York address; a subscription agreement for Leon Rozin in O'Donnell Last Mile Industrial Fund VII, L.P.; a W-9 Form for Leon Rozin listing a New York address; a subscription agreement for Peter Hyatt in O'Donnell Last Mile Industrial Fund VII, L.P.; a W-9 Form for Peter Hyatt listing a New York address; and a declaration of Jose Rojas. *Id*

burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009). Thus, the court will "look at the face of the complaint and determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatssen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999) (citations omitted).

Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted). On a factual attack, a court's ability to consider matters outside of the complaint hinges on whether the attack implicates the merits of plaintiff's complaint. *Id.* "Jurisdiction becomes intertwined with the merits of a cause of action when a [federal] statute provides the basis for both the subject matter jurisdiction . . . and the plaintiff's substantive claim for relief." *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169-70 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 2379 (U.S. 2012) *and cert. denied,* 132 S. Ct. 2380 (U.S. 2012). "If the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action," then the court may consider matters outside of the complaint. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see Lawrence,* 919 F.2d at 1529.

The challenge to jurisdiction in this matter is a factual attack that does not implicate the merits of the Plaintiff's complaint. The Eleventh Circuit has already concluded that the allegations in the complaint do not suffice to establish diversity and has directed this Court to determine the citizenship of the parties and whether jurisdiction exists. (ECF No. 141.) Thus, as a factual attack—and because a federal statute does not provide the basis for jurisdiction—the Court may consider matters outside the complaint.

### 3. Analysis

The parties disagree about whether the Defendants have complied with the Court's directive to engage in jurisdictional discovery. Nevertheless, the Court has determined that, based on the records produced by the Defendants, there is not complete diversity between the Plaintiff and the Defendants.

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where the parties are (1) citizens of different States or (2) citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1),(2). For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (cleaned up). Domicile requires both residence in a state, plus "an intention to remain there indefinitely." *Id.* (cleaned up). The diversity statute requires complete diversity between all plaintiffs and all defendants, meaning that each defendant must be a citizen of a different state from each plaintiff. *Bal Harbour Shops, LLC v. Saks Fifth Ave. LLC*, 645 F. Supp. 3d 1321, 1324 (S.D. Fla. 2022) (Gayles, J.) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Jose and Laurita Rojas are investor members of HLM. (ECF No. 154-9.) Mr. Rojas's declaration states that he and his wife currently reside in Queens, New York, that they resided there when the lawsuit was filed, and that "New York is where I am at home, it is where I return to after business and personal travel, and it is where I intend to remain indefinitely. It is the place of my true, fixed, and permanent home. I consider my domicile to be New York." (ECF No 154-15.) The declaration establishes Mr. Rojas's residence in New York, plus an intent to remain indefinitely.

The Court acknowledges that the Eleventh Circuit determined that the supplementary records produced by the Defendants—including the Declaration of Mr. Rojas—"**do not resolve the citizenship of Fund VII or HLM to the extent that they only allege residency**" of members of HLM or partners of Fund VII's sole member. (ECF No. 141 at 3) (emphasis added). The Court agrees the documents do not resolve the citizenship of Defendants as a whole. Defendants, as LLCs, are citizens of every state of which its members are citizens. *See Rolling Greens*, 374 F.3d at 1022. Because the records do not establish the citizenship of all members of HLM or all partners of Fund VII's sole member, the records do not establish the full citizenship of the Defendants. Additionally, the Court recognizes that the W-9 forms and subscription agreements produced by Defendants only allege residency. However, Mr. Rojas's declaration alleges both residency and an intent to remain, establishing New York as his state of domicile and thus citizenship. *See Travaglio*, 735 F.3d at 1269. Because "Plaintiff is a New York corporation

with its principal place of business in Brooklyn, New York"[2], and because Mr. Rojas, a member of HLM, is also a New York citizen, complete diversity does not exist. *See Bal Harbour Shops*, 645 F. Supp. 3d at 1324.

Although a party's own profession of domicile can be self-serving, it may nevertheless carry evidentiary weight. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011). The Plaintiff casts doubt on the reliability of the declaration, noting that it was prepared after Mr. Rojas had spoken with counsel for the Defendants. (ECF No. 157 at 11.) However, Mr. Rojas's declaration is corroborated by his subscription agreement and W-9 Form listing his residence as an address in Queens, New York. (ECF No. 154-9.) The corroborating documents were prepared in 2019, long before the jurisdictional inquiry (and thus, motive to lie) began. (*Id.*)

In rendering its decision to remand the case back to this Court, the Eleventh Circuit noted that the Plaintiff "opposes the motion [to supplement the record], challenges the facts in the declarations, and asks us to remand the case to the district court for further discovery." (ECF No. 141.) But the Plaintiff has not presented a single fact or piece of evidence to contradict Mr. Rojas's assertion that he is domiciled in New York. The Plaintiff laments that it has not deposed Mr. Rojas, but it has failed to use any of the tools in the Court's arsenal—including a motion to compel—to procure his deposition. At best, the Plaintiff's response in opposition argues the Court should compel Defendants to produce the requested discovery. (ECF No. 157 at 18.) But "where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Storm Damage Sols., LLC v. RLI Ins. Co.*, No. 23-CV-23681, 2023 WL 8004314, at *2 (S.D. Fla. Nov. 17, 2023) (Goodman, Mag. J.) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)). Thus, because Mr. Rojas's declaration and accompanying documentation are not "controverted by fact", the Court may presume that Mr. Rojas is a citizen of New York. *See Molinos Valle Del Cibao* 633 F.3d at 1342; *see also Kokkonen*, 511 U.S. at 377.

The Court condemns Defendants' refusal to engage in meaningful jurisdictional discovery as ordered. However, the Court is bound by the decree that "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The Defendants' motion to dismiss for lack of subject matter jurisdiction is hereby granted.

The Defendants also requested a protective order to halt Plaintiff's efforts to conduct jurisdictional discovery. (ECF No. 154.) Because the Court is granting

---

[2] (Second Amend. Compl. ¶ 2, ECF No. 65.)

Defendants' motion to dismiss for lack of subject matter jurisdiction, a protective order is no longer necessary. Defendants' motion for a protective order is denied as moot.

### 4. Conclusion

For the foregoing reasons, the Court **grants** Defendants' motion to dismiss for lack of subject matter jurisdiction and **denies as moot** Defendants' motion for a protective order. (**ECF No. 154**.) This case is dismissed **without prejudice.** The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on November 6, 2024.

Robert N. Scola, Jr.
United States District Judge