United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 22-20652-Civ-Scola |
| ) | |
| Hialeah Last Mile Fund VII LLC, et ) | |
| al., Defendants. ) | |

### Order on Plaintiff's Motion for Reconsideration, Motion for Sanctions, and Motion for Expedited Discovery

This case is before the Court on the Plaintiff Sound Around, Inc.'s motion to reconsider the Court's order dismissing this case for lack of subject matter jurisdiction, motion for sanctions, and motion for expedited discovery. (**Mot., ECF No. 165**.) The Defendants responded opposing the motion (Resp., ECF No. 168), and the Plaintiff filed a reply. (Reply, ECF No. 169.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 165**.)

**1. Background**

The Court assumes the parties' familiarity with the factual and procedural background of this case. Broadly, this matter arose from a failed real-estate transaction between Sound Around, Inc. and the Defendants Hialeah Last Mile Fund VII LLC ("Fund VII") and Hialeah Last Mile LLC ("HLM") (collectively the "Defendants"). On July 27, 2023, the Court granted full summary judgment in favor of the Plaintiff Sound Around, Inc. (ECF No. 127.) In August 2023, the Defendants appealed the Court's order on the merits. (ECF No. 136.)

On appeal, however, the Eleventh Circuit found the allegations in the complaint were insufficient to establish the citizenship of the Defendants and remanded the case to this Court "for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed." (ECF No. 141 at 4.)

> If the district court determines that the parties were completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction.

(*Id.*) Having determined that HLM was not diverse from the Plaintiff, the Court determined complete diversity did not exist and granted Defendants' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 164.) The Plaintiff subsequently filed the current motion for reconsideration, motion for sanctions, and motion for sanctions-related discovery. (ECF No. 165.)

### 2. Legal Standard

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Plaintiff seeks relief generally under Federal Rules of Civil Procedure 59(e) and 60(b). Regardless, because the motion does not present new facts or new law but merely urges the Court to rethink its previous decision, the Court must deny the motion.

### 3. Analysis

The Plaintiff repeatedly claims the Court failed to comply with the Eleventh Circuit's directive on remand. Specifically, the Plaintiff alleges the Court must conclusively determine the citizenship of Fund VII, even if HLM is non-diverse. (ECF No. 165.) The Plaintiff is wrong.

The Court has complied with the Eleventh Circuit's directive. The Eleventh Circuit ordered that if "the district court determines that **complete diversity** did not exist, then it should vacate its rulings and **dismiss the action** for lack of subject matter jurisdiction." (ECF No. 141 at 5) (emphasis added). That is precisely what the Court did. Complete diversity means each plaintiff must be diverse from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Because the Court concluded that HLM was not diverse, complete diversity did not exist and the Court properly dismissed the action of lack of subject matter jurisdiction in compliance with the Eleventh Circuit's explicit directive. (ECF No. 164); *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") The Court did not need to determine the citizenship of Fund VII because it had already established that diversity jurisdiction did not exist.

The Plaintiff, however, argues—for the first time in its motion for reconsideration—that if Fund VII is diverse, this Court (or the Eleventh Circuit) can and should "dismiss the claims against HLM only and retain the judgment against Fund VII pursuant to Federal Rule of Civil Procedure 21." (ECF No. 165 at 3.) This is a new argument that could have been raised prior to the Court's order dismissing the case and is therefore improper in a motion for reconsideration. *See Arthur*, 500 F.3d at 1343.

The Plaintiff in its reply asserts that this is not an untimely request to dismiss HLM pursuant to Rule 21, but rather "demonstrate[s] why a factual finding as to Fund VII's citizenship remains relevant in light of the Nov. 6 Order, and thus why a determination as to that fact must be reached (consistent with the Eleventh Circuit's mandate)." (ECF No. 169 at 4.)

Despite the Plaintiff's repeated assertion that the Court has disregarded the Eleventh Circuit's mandate, it seems it is the Plaintiff that has failed to read

the Eleventh Circuit's directive. The Court of Appeals gave this Court two options: (1) "If the district court determines that the parties were completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceeding"; or (2) "If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction." (ECF No. 141 at 5.) The Eleventh Circuit said nothing about a finding of partial diversity or Rule 21. And the Plaintiff never properly requested that this Court dismiss HLM pursuant to Rule 21 prior to dismissal. Because the parties are not **completely diverse**, the record will not return to the Eleventh Circuit for further proceedings, and the Court properly dismissed this action for lack of subject matter jurisdiction. Plaintiff's motion for reconsideration is **denied**.

### 4. Discovery Sanctions

The Plaintiff seeks monetary sanctions against the Defendants, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37.[1] Rule 37(b) provides: "If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). The rule gives "district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329–30 (11th Cir. 2023) (cleaned up). Sanctions for violating a court order are only appropriate "if the order stated in specific and clear terms what acts were required or prohibited." *Id.* (cleaned up).

According to the Plaintiff, the Defendants failed to comply with the Court's order granting jurisdictional discovery. (ECF No. 165.) Further, the Plaintiff contends that the Court's language in the dismissal order "condemn[ing] Defendants' refusal to engage in meaningful jurisdictional discovery as ordered" illustrates that the Defendants should be sanctioned. (ECF Nos. 164; *see also* ECF No. 165 at 8.) The Court disagrees.

Although the Defendants did not engage in jurisdictional discovery to the extent that the Plaintiffs would have preferred, they did enough to comply with the Court's order. The Court's order on jurisdictional discovery "direct[ed] the

---

[1] The Plaintiff does not specify the amount of monetary sanctions it seeks, nor does it support its request for attorneys' fees with any documentation showing the expenses incurred as a result of the Defendants' alleged failure to comply with the Court's order.

Parties to conduct jurisdictional discovery limited to the issue of the citizenship of the Defendants." (ECF No. 153.)

The Plaintiff does not dispute that the Defendants produced records relating to HLM and Fund VII's organizational structure. (ECF No. 168 at 8, n.3.) Similarly, the Plaintiff does not dispute that the Defendants produced tax records, other records showing the addresses of New York members, and communications between the Defendants and the New York members. (*Id.*) Instead, the Plaintiff challenges the sufficiency of the Defendants' production and the Defendants' refusal to schedule depositions. (*See generally* ECF Nos. 165, 169.) But, as the Court stated in the dismissal order, the Plaintiff "failed to use any of the tools in the Court's arsenal—including a motion to compel—to procure [Mr. Rojas's] deposition," or any other requested discovery. (ECF No. 164 at 5) (emphasis added). In fact, the Plaintiff only challenged the sufficiency of Defendants' discovery responses *after* Defendants filed their motion to dismiss—more than three months after the Court ordered jurisdictional discovery—and improperly imbedded the affirmative request for relief in an opposition memorandum. (ECF No. 157.)

And anyway, the documents in the record sufficed to determine that HLM is not diverse, thereby destroying complete diversity and accomplishing the purpose of jurisdictional discovery. (ECF No. 164.) Because the Defendants produced responsive records and the Plaintiff never properly challenged the sufficiency of the Defendants' production before the Court, the Court finds that the Defendants did not violate the Court's order directing the parties to engage in jurisdictional discovery and therefore sanctions are not warranted pursuant to Rule 37(b)(2).

### 5. Request for Expedited Discovery

Finally, the Plaintiff requests the Court order the parties to engage in discovery relating to both the citizenship of Fund VII and the timing of Defendants' knowledge about the lack of diversity. As the Court exhaustively laid out, because the Plaintiff failed to timely request the Court dismiss HLM pursuant to Rule 21, and because the Court has denied the Plaintiff's motion to reconsider, the Court will not order the parties to engage in further discovery related to the citizenship of Fund VII.

The Court also will not order the parties to engage in sanctions-related discovery. Courts have the inherent power to police those appearing before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This power "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45. The key

to unlocking a court's inherent power is a finding of bad faith. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–24 (11th Cir. 2017) (cleaned up).

Despite the Court's previous representation that it would allow the parties to engage in sanctions-related discovery (ECF No. 153), the Court finds that the Defendants have not acted in bad faith and therefore will not waste the parties' time by ordering sanctions-related discovery. First, the Plaintiff—not the Defendants—bears the burden of establishing subject matter jurisdiction. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."). Additionally, the Defendants were not the ones to raise the jurisdictional shortcomings following this Court's adverse ruling. In fact, they intended to appeal the Court's order on the merits. *Sound Around, Inc. v. Hialeah Last Mile Fund VII LLC*, No. 23-12830 (11th Cir. Oct. 5, 2023), ECF No. 7 (identifying the issue to be raised on appeal as "[w]hether the Court's decision to allow reformation of a written contract in a real estate transaction to enforce it against a non-party and entry of specific performance was contrary to the law.") Only after the Eleventh Circuit sparked a jurisdictional inquiry did the Defendants assert that complete diversity did not exist.

In *Purchasing Power,* the Eleventh Circuit tackled similar circumstances, where "[e]veryone involved in this case trusted that diversity jurisdiction existed, but no one verified it." *Purchasing Power*, 851 F.3d at 1220. Despite the waste of time and resources—and the misrepresentations about the existence of complete diversity—the Court found that sanctions were not warranted. *Id.* at 1228. The Court's wisdom there rings true here:

> No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.

*Id.* The Plaintiff's motion for expedited discovery is **denied**.

### 6. Conclusion

For the foregoing reasons, the Court **denies** Plaintiff's motion for

reconsideration, motion for sanctions, and motion for expedited discovery. (**ECF No. 165**.)

**Done and ordered** at Miami, Florida, on February 5, 2025.

_____
Robert N. Scola, Jr.
United States District Judge